RODRÍGUEZ, APPELLANT, v. REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Construction Title.

No. 524.—Decided May 16, 1922.

RECORD OF TITLE—PRINCIPAL—ACCESSORY.—When the land and the building belong to different persons it can not be considered that the latter is an accessory of the former, for both are principals and, therefore, for the purposes of the Mortgage Law each must be recorded separately in the name of its respective owner.

The facts are stated in the opinion.

*Mr. E. Campillo* for the appellant.

The respondent appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

By a deed executed on February 21, 1922, before Notary Enrique Campillo Abrams, José Rodríguez Valldejuli acquired a house and lot by purchase from Juan Hernández. In the deed of purchase and sale it was stated that the grantor had acquired the lot by purchase from Blanca, Elisa and Ernesto Cerra Andino by a deed executed on December 14, 1920, and the house by purchase from María Escobar López by a deed executed on November 4, 1920, before Notary Eduardo H. F. Dottin.

The deed of February 21, 1922, was presented for record in the Registry of Property of San Juan, Section 1, and the registrar recorded the lot, but refused to record the house, as stated in the following decision indorsed on the document:

"The preceding document is recorded only as to the lot at folio 213, volume 31 of South Santurce, property No. 2045, 4th record, and the house is not recorded because it is stated in the document that the grantor acquired it by purchase by a different deed and the said house is not recorded in his name, which is an indispensable requisite; and a cautionary notice is entered for the legal period in the same entry."

José Rodríguez Valldejuli appealed to this court from that decision and prays for its reversal and an order that the house be recorded.

The question of law presented by the appellant is that the registrar erred in not applying the provisions of the Civil Code regarding accessory property and refusing to record the house, instead of considering it as an accessory of the lot previously recorded in the registry. But this aspect of the matter would obtain only if the case were that of buildings or other improvements constructed by the owner of the lot. In such a case it would not be necessary to record separately the lot and the said buildings or improvements and a description in a public document of the said buildings or improvements constructed by the owner of the lot would be sufficient. This is not the case here. The facts show that the appellant acquired the house and the lot by purchase from different persons. The house is not recorded in the name of the grantor or of any other person. It seems that a person other than the owner of the lot has been permitted to erect a building thereon and, consequently, the right is one acquired by a third person. That being the case, the house can not be considered as an accessory and, therefore, as belonging to the owner of the lot, but the title to be considered is one of acquisition by purchase and sale. Both the house and the lot are principals and it is necessary to apply articles 2 and 20 of the Mortgage Law. The house must be first recorded, according to what the Mortgage Law provides for all cases of conveyance of the ownership or possession of real property or property rights.

The same question involved in this case has repeatedly come up in this court and the rule laid down by the decisions is that when the land and the building belong to different persons, each is a principal and neither is an accessory of the other, and that for the purposes of the Mortgage Law each must be recorded separately in the name of the respec-

tive owner. See the cases of *Martín et al.* v. *Registrar of Arecibo,* 22 P. R. R. 139; *Santos* v. *Registrar of Caguas,* 27 P. R. R. 778; *Marcano* v. *Registrar,* 20 P. R. R. 491.

The appellant calls our attention to the fact that by the second inscription the registrar had recorded without difficulty a mortgage created by the grantor, Juan Hernández Acevedo, in favor of Antonio Andino Lloveras. This we consider irrelevant. Aside from the fact that the mortgage was canceled, as appears from the record, if the registrar then committed an error he is not bound now to commit a second error, inasmuch as in recording the mortgage the house was mentioned, but not recorded separately.

The registrar's decision must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.